# EXHIBIT A

*Final Settlement
Agreement and Release*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:20-cv-24279-KMW**

PET PARADE, INC., on behalf of itself and
all others similarly situated,

      Plaintiff,

vs.

STOKES HEALTHCARE, INC., a foreign
company, doing business as EPICUR PHARMA,

      Defendant.

_____/

**SETTLEMENT AGREEMENT AND RELEASE**

1

This Settlement Agreement and Release ("Agreement") is entered into between and among the following parties, by and through their respective counsel: Pet Parade, Inc. ("Pet Parade" or "Class Representative," or "Named Plaintiff"), on behalf of itself and the Settlement Class, and Stokes Healthcare, Inc., d/b/a Epicur Pharma ("Stokes" or "Defendant").

WHEREAS on October 19, 2020, Pet Parade filed the Class Action Complaint (the "Complaint") on behalf of itself and a putative class in the lawsuit styled *Pet Parade, Inc., on behalf of itself and all others similarly situated v. Stokes Healthcare, Inc., d/b/a Epicur Pharma*, Case No. 1:20-cv-24279-UU (S.D. Fla.) ("Litigation"), which asserts claims under the Telephone Consumer Protection Act ("TCPA");

WHEREAS, Pet Parade alleges that it and members of the Settlement Class received unsolicited facsimile advertisements from Stokes, which harmed Pet Parade and the Settlement Class (the "Allegations");

WHEREAS, Pet Parade alleges that it and members of the Settlement Class are entitled to declaratory and injunctive relief, statutory damages, attorneys' fees, and costs as a result;

WHEREAS, Stokes denies the Allegations and any and all wrongdoing;

WHEREAS, on February 19, 2021, with the assistance of mediator Jeffrey Grubman, Esq. of JAMS, counsel for the Parties mediated and engaged in intensive arm's-length negotiations and an all-day mediation. Although the Litigation did not settle, significant progress was made, and the Parties agreed to attend a second mediation conference on March 15, 2021 with Jeffrey Grubman, Esq.;

WHEREAS, he Parties attended a second mediation on March 15, 2021 with Jeffrey Grubman, Esq. While a final class-wide settlement was again not reached that day, more progress was made, and the Parties engaged in on-going settlement negotiations while continuing to litigate

2

the case;

WHEREAS, on April 6, 2021, to resolve the Litigation with a view toward achieving substantial benefits for the Settlement Class as a whole, while avoiding the cost, delay, and uncertainty of further litigation a class-wide settlement was ultimately reached in principle. The Parties filed a Notice of Settlement [ECF No. 40] that day;

WHEREAS, for settlement purposes only, the Class Representative asks that this Court certify the Settlement Class and appoint it as Class Representative and its attorneys Seth M. Lehrman, Joshua H. Eggnatz, and Michael J. Pascucci as Class Counsel in the Litigation;

WHEREAS, based on their investigation and discovery in the Litigation and the experience of Class Counsel, the Class Representative and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class and in the best interest of the Settlement Class;

WHEREAS, the Class Representative, on behalf of itself and as the representative of the Settlement Class, and Stokes desire to resolve the dispute between them;

WHEREAS, the Class Representative, on behalf of itself and as the representative of the Settlement Class, and Stokes execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation; and

WHEREAS, Stokes denies any and all liability or wrongdoing to the Class Representative and to the Settlement Class, including, without limitation, on the ground that Stokes had an existing business relationship and/or adequate consent to send the alleged subject facsimile advertisements to Pet Parade and the Settlement Class. Nonetheless, Stokes has concluded that further litigation would be protracted and expensive, has taken into account the uncertainty and litigation risks inherent in this Litigation, including its financial capability to satisfy an ultimate judgment, and

has determined that it is desirable that the Litigation and Allegations be fully, completely, and finally settled in the manner and upon the terms set forth herein.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Litigation shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement, and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I.    DEFINITIONS

As used in this Agreement, the following terms have the meanings set forth below.  Terms used in the singular shall include the plural and vice versa.

A.    "Administrator" shall mean Angeion Group, which, subject to Court approval, shall be responsible for administrative tasks, including, without limitation: (a) arranging for distribution of the Class Notice to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website that posts notices, Claim Forms, and other related documents; (e) receiving and processing Claim Forms and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementation and administration of the terms of this Agreement, subject in all cases to approval by Class Counsel and Counsel for Stokes.

B.    "Agreement" means this Settlement Agreement and Release and all attachments and exhibits hereto, which the Parties understand and agree set forth all terms and conditions of the Settlement between them and which is subject to Court approval.  It is understood and agreed

4

that Stokes's obligations for payment under this Agreement are conditioned on, among other things, Final Approval.

C.      "Claim" means a written or online request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator, pursuant to the Claim Form and Claim Form Instructions in substantially the form of **Exhibits A and B** to this Agreement or as ultimately approved by the Court.

D.      "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked or submitted online, which shall be set by mutual agreement of the Parties to occur on a date no later than thirty-five (35) days after the Class Notice Date.  All Claims postmarked or submitted online on or before the Claim Deadline shall be timely, and all Claims postmarked or submitted online after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment, absent extenuating circumstance and all reasonable efforts to postmark or submit a Claim as determined by the Administrator.

E.      "Claim Form" means the form attached as **Exhibit A** to this Agreement and/or as ultimately approved by the Court.

F.      "Claim Form Instructions" means the instructions to complete the Claim Form, which are attached as **Exhibit B** to this Agreement.

G.      "Claim Settlement Check" means the check containing the Claim Settlement Payment, to be paid from the Settlement Fund, for each Settlement Class Member who submits a valid and timely Claim.

H.      "Claim Settlement Payment" means the payment to be made to Settlement Class Members, to be paid from the Settlement Fund, who submit properly completed and timely Claim

Forms to the Administrator pursuant to the Claim Form Instructions, and who qualify for such relief under this Agreement.

I.       "Claimant" means any Settlement Class Member who submits a Claim pursuant to this Agreement.

J.       "Class Counsel" means:

> Seth M. Lehrman, Esq.
> EDWARDS POTTINGER, LLC
> 425 North Andrews Avenue, Suite 2
> Fort Lauderdale, FL 33301
>
> Joshua H. Eggnatz, Esq.
> Michael J. Pascucci, Esq.
> EGGNATZ | PASCUCCI
> 7450 Griffin Rd., Suite 230
> Davie, FL 33314

K.       "Class Notice" means the program of notice described in Section III(B) of this Agreement to be provided to Settlement Class Members, including the Long Form Notice, substantially in the form attached as **Exhibit C**, which will notify Settlement Class Members about the details of the Settlement.

L.       The "Class Notice Date" shall be the last date upon which Class Notice can be disseminated, which shall be set by the Court in the Preliminary Approval Order as approximately forty-two (42) days after entry of the Preliminary Approval Order.

M.       "Class Period" means the period of time from October 19, 2016 through the date of preliminary approval.

N.       "Confidential Information" means proprietary or commercially sensitive information or personal information subject to state and federal privacy laws that the Parties agree to use only for purposes of effectuating this Agreement and agree to protect in this Agreement

from disclosure and dissemination to the public or any third-party or entity other than the Administrator, and to protect with reasonable data security.

O.     "Complaint" means the document titled "Class Action Complaint," dated October 19, 2020, that was filed on the same date with the Court in this Litigation.

P.     "Counsel for Stokes" means:

Holly M. Hamilton, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308

Danielle M. Vugrinovich, Esq.
Gregory P. Graham, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219

Q.     "Court" means the United States District Court for the Southern District of Florida, where the Litigation is pending.

R.     "Effective Date" means the date on which the Order of Final Approval becomes Final.

S.     "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated Settlement pursuant to class action procedures and requirements; and (ii) entering the Order of Final Approval.

T.     "Final" or "Finally Approved" or "Final Approval" of this Agreement means: 1) If no objections to the settlement are filed, the date five days after the Order of Final Approval is entered; or 2) If objections to the settlement are filed, the later of the date that (i) the time has run for any appeals from the Order of Final Approval or (ii) any such appeals have been dismissed or

resolved in favor of approving, or affirming the approval of, this Agreement.

U.     "Service Award" means any approved payment to the Class Representative that is further described in Section II(D)(2) of this Agreement.

V.     "Mail Notice" means the post card individual notice that is mailed and e-mailed (if e-mail is available) by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit D** to this Agreement.

W.     "Stokes Releasees" or "Released Parties" means Stokes, Stokes Healthcare Inc., Stokes Healthcare, Stokes Pharmacy, Epicur Pharma, and Stokes 503B and each of its affiliates, agents, employees, directors, officers, partners, managers, members, subsidiaries, predecessors, successors, parents, co-venturers, contractors, sub-contractors, vendors, service providers, divisions, joint ventures and assigns, as well as each of those entities' or persons' past or present owners, investors, directors, officers, employees, partners, managers, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, sub-contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, administrators, executors and assigns, jointly and severally.

X.     "Notice and Administrative Costs" means the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for Stokes of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including but not limited to costs and expenses associated with determining the mailing addresses for the Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.

Y.      "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section III(E) of this Agreement to be able to object to the Settlement.  The Objection Deadline shall be thirty-five (35) days after the Class Notice Date.

Z.      "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with the Administrator in accordance with Section III(D) of this Agreement in order for a Settlement Class Member to be excluded from the Settlement Class.  The Opt-Out Deadline shall be thirty-five (35) days after the Class Notice Date.

AA.     "Order of Final Approval" or "Final Approval Order" means the order and judgment to be entered by the Court, substantially in the form attached as **Exhibit F**, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including granting Final Approval to the Settlement and ruling on Class Counsel's application for attorneys' fees and expenses and the Service Award for the Class Representative.

BB.     "Parties" means Named Plaintiff and Stokes.

CC.     "Preliminary Approval Order" means an order to be entered and filed by the Court preliminarily certifying the Settlement Class and granting preliminary approval to the Settlement substantially in the form attached hereto as **Exhibit E**.

DD.     "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys'

fees, costs, liens, judgments, and demands of any kind whatsoever, whether at law or equity, that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, that were or could have been asserted in the Complaint and the Litigation against the Released Parties in connection with, relating to or arising from any telephone facsimile advertisements received from or initiated by Stokes or the Released Parties or anyone alleged to have initiated a telephone facsimile advertisement on Stokes's behalf.  This shall include, but not be limited to, any claimed violation(s) of the TCPA, or any federal, state, and/or common laws governing the transmission of facsimile advertisements, and the tort of Invasion of Privacy by Intrusion Upon Seclusion, known or unknown, which occurred within the Class Period.

EE.    "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class and that complies with all requirements in Section III(D)(1) of this Agreement.

FF.    "Settlement" means the settlement set forth in this Agreement.

GG.    "Settlement Class" means the following:  All persons identified on Defendant's Master Fax List who (1) during the four-year period prior to the filing of this action through the date of preliminary approval, (2) were sent a telephone facsimile message advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) that did not display an opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, would be unlawful.

(hereinafter the "Settlement Class"). (Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members."

The Settlement Class is comprised of 11,205 members on the Master Fax List to whom Defendant allegedly sent facsimile advertisements.

Notwithstanding the foregoing, the Settlement Class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Stokes or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to any of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of this Agreement.

HH.    "Settlement Class List" means the list of 11,205 individuals and entities identified on Stokes's Master Fax List who, according to Stokes's records, between October 19, 2016 and the date of preliminary approval, were sent a telephone facsimile advertisement from or on behalf of Stokes. The Settlement Class List will be based upon the information in Stokes's records maintained by Stokes and/or its vendors and contains each Settlement Class Member's facsimile number.  The Settlement Class List shall be treated as Confidential Information.

II.    "Settlement Class Payment List" means the list of all Settlement Class Members who filed a Claim; whether the Claim was rejected or accepted, and if rejected, the reason it was rejected; the address to which the Claim Settlement Check shall be sent; and the total amount of Claim Settlement Payments to be made.

JJ.    "Settlement Fund" means the total maximum amount of one million six hundred fifty thousand dollars and zero cents ($1,650,000.00), that Stokes has agreed to make available to

cover the Claim Settlement Payments, administration costs, attorneys' fees and costs, and Service Award Payment, as settlement in full of this Action, all of which shall be paid from the Settlement Fund.  Stokes shall segregate funds or otherwise create special accounts to hold the Settlement Fund and will not relinquish control of any money until payments are due.  In no event will Stokes be obligated to pay any monies in excess of the Settlement Fund.

KK.    "Settlement Website" means the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members as further described in Section III(B)(3) of this Agreement.

## II.    SETTLEMENT TERMS

### A.    Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, Stokes conditionally agrees and consents to certification of the Settlement Class.  Stokes's conditional agreement is contingent upon execution of this Agreement by the Parties, entry of the Preliminary Approval Order and the Order of Final Approval by the Court, and the Order of Final Approval becoming Final.  Except as provided below, if this Agreement, for any reason, does not receive Final Approval, if the Order of Final Approval does not become Final, or if the Agreement is otherwise terminated, this Agreement shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms, and entry of the Agreement shall remain inadmissible for any reason under the Federal Rules of Civil Procedure, the provisions of Federal Rule of Evidence 408, and any applicable state law or rule of civil procedure or evidence.

Stokes denies all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Litigation, as well as all class action allegations asserted in the Litigation.  Stokes has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or Final Approval does not occur,

12

Stokes does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural, evidentiary, and factual grounds, including without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses and/or privileges. The Class Representative, Class Counsel and Stokes agree that the Parties retain and reserve all of these rights and agree not to take a position to the contrary in the event the Order of Final Approval does not become Final.

    **B.**       **Settlement Class Relief**

        **1.**     **Claim Settlement Payments to Settlement Class**

In consideration for the Releases set forth in Section V of this Agreement, Stokes shall provide the following relief:

Settlement Class Members must submit a timely, valid, and correct Claim Form, substantially in the form of **Exhibit A**, by the Claim Deadline in the manner required by this Agreement, to receive a Claim Settlement Payment from the Settlement Fund. Each Settlement Class Member who submits a timely, valid, and correct Claim Form, substantially in the form of **Exhibit A,** by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check by the Administrator in the amount of Five Hundred Dollars ($500.00), subject to a pro rata reduction in the event the amount of the Settlement Funds available after payment of class administration, attorneys' fees and costs and an Service Award from the Settlement Fund is insufficient to pay every Settlement Class Member who submits a timely, valid, and correct Claim Form $500.

Within twenty-eight (28) days after the Effective Date, the Administrator shall send, by first-class mail, a Claim Settlement Check to each Settlement Class Member who submits a timely, valid, and correct Claim Form. Checks will be valid for one hundred twenty (120) days from the

date on the check.  Any money that has not been distributed due to uncashed checks or unclaimed funds shall remain with Stokes.

Except as provided in this Section and any Class Representative Service Award that the Court awards to Named Plaintiff, Stokes shall have no obligation to make any other or further payments to Named Plaintiff or any Settlement Class Members.

### 2. Compliance with the TCPA

The Parties recognize that because of this Litigation, Stokes confirms that it has altered its business practices to bring itself into compliance with the TCPA.  Stokes makes no admission of any violation of the TCPA through its statement confirming changes in business practices or by entering this settlement. To the extent that Stokes continues to send telephone facsimile advertisements to customers, Stokes will ensure that its policies and procedures comply with the TCPA, including, but not limited to, ensuring that Stokes obtains and maintains adequate consent from individuals and businesses that it has an existing business relationship with, and will ensure than any such facsimile advertisements contain all required opt-out language, before sending facsimile advertisements to those individuals.

### C. <u>Settlement Approval</u>

Concurrent with the submission of this Agreement for the Court's consideration and in accordance with the Court's Notice of Court Practice Upon Settlement of April 4, 2021, Class Counsel shall submit to the Court an unopposed motion for preliminary approval of this Agreement.  The motion shall seek entry of a Preliminary Approval Order substantially in the form attached hereto as **Exhibit E**.  Papers in support of Class Counsel's fees and expenses and the Service Award shall be filed no later than fourteen (14) days prior to the Objection Deadline. Papers in support of Final Approval shall be filed no later than sixty (60) days after the Class Notice Date.

**D.**   **Attorneys' Fees and Class Representative Incentive Payment**

To the extent that the Court orders an award of attorneys' fees and expenses to Class Counsel, and/or a Service Award to the Class Representative, such awards will be paid by the Administrator within twenty-eight (28) days after the Effective Date.

**1.**   **Attorneys' Fees and Expenses**

Class Counsel will petition the Court for an award of reasonable attorneys' fees of up to thirty percent (30%) of the Settlement Fund (i.e.: Four Hundred Ninety-Five Thousand Dollars ($495,000.00)), plus reasonable and necessary expenses not to exceed Fifteen Thousand Dollars ($15,000.00), which shall be paid from, and reduce the amount of benefits available to be distributed to Class Members in, the Settlement Fund.  This award shall be Class Counsel's total recovery for attorneys' fees, costs, and/or adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs).  Stokes reserves the right to object to or oppose any request for attorneys' fees, costs and expenses made by Class Counsel. Likewise, Stokes also may object to or appeal any award of such fees and expenses entered by the Court.  Class Counsel shall be responsible for allocating and shall allocate all attorneys' fees and expenses that are awarded by the Court among Class Counsel, and Stokes shall have no responsibility, role, or liability in connection with such allocation.

This settlement, however, is not dependent or conditioned upon the Court awarding the particular amounts sought by Class Counsel.  In the event the Court declines Class Counsel's request or awards less than the amounts sought, the settlement will continue to be effective and enforceable.

### 2.    Class Representative Service Award

Class Counsel will petition the Court for a Service Award not to exceed Five Thousand Dollars ($5,000.00) to be paid to Plaintiff as Class Representative for its service to the Settlement Class and the time and effort that the Class Representative personally invested in this Litigation, to be paid by Stokes from the Settlement Fund.  If Class Counsel either petitions for a Service Award to the Class Representative that exceeds that amount, or if the Court awards more than that amount, Stokes shall have the right to immediately terminate the Agreement; Stokes also may object to or appeal any such award of a Service Award entered by the Court. This settlement, however, is not dependent or conditioned upon the Court approving Plaintiff's request for a Service Award, or awarding the particular amount sought by Plaintiff.  In the event the Court declines Plaintiff's request or awards less than the amount sought, the settlement will continue to be effective and enforceable.

 In the event the Court reserves ruling or jurisdiction for the limited purpose of revisiting any denial of the Service Award pending the *en banc* ruling in *Johnson v. NPAS Sols., LLC*, or another Eleventh Circuit decision that overrules *NPAS*, Stokes shall be obligated to the pay the Service Award, subject to a final determination by the Court. In the event the Court denies Plaintiff's request for a Service Award, Stokes shall have no obligation to pay any Service Award to the Named Plaintiff. Class Counsel shall be responsible for distributing to the Class Representative any Service Award awarded by the Court, and Stokes shall have no responsibility, role, or liability in connection with such payment.

### III.    CLAIMS ADMINISTRATION

#### A.    Administrator

The Parties have agreed on Angeion Group as the Administrator, subject to Court approval. The Administrator shall administer the Settlement in a cost-effective and timely manner.  Without

limiting any of its other obligations as stated herein, the Administrator shall be responsible for using reverse look-up based on the Settlement Class List to determine the mailing addresses for the Settlement Class Members, for the implementation and effectuation of Class Notice, processing Claim Forms, receiving and maintaining on behalf of the Court any correspondence regarding requests for exclusion and/or objections to the settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. If a Settlement Class Member has provided his or her e-mail to Stokes or if a Settlement Class Member's e-mail address is available in Stokes's business records, then the Class Notice shall also be provided to the Settlement Class Member by e-mail, in addition to his or her mailing address. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

The Parties will coordinate with the Administrator to provide Mail Notice (and e-mail notice if applicable) to the Settlement Class, as provided in this Agreement.  The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by Court Order.

All Notice and Administrative Costs shall be paid by Stokes out of the Settlement Fund. Stokes shall not be obligated to compute, estimate, or pay any taxes on behalf of Named Plaintiff, any Settlement Class Member, Class Counsel, and/or the Administrator.  The Administrator shall collect tax information from the Named Plaintiff, any Settlement Class Member and/or Class Counsel as necessary or required by law.  The Administrator will invoice Stokes directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will

bill Stokes monthly for incurred fees and expenses thereafter.  The Administrator will complete and provide to Stokes any W9 forms necessary for Stokes to pay for the Notice and Administrative Costs.

      **B.**    <u>**Notice**</u>

      **1.**    **Settlement Class List**

Within ten (10) days after Preliminary Approval, Stokes will provide the Settlement Class List from Stokes's Master Fax List in electronic format to the Administrator.  Stokes shall include on the Settlement Class List the address and e-mail address for each Settlement Class Member, if such information is available to Stokes in its business records. The Parties agree that the Settlement Class List shall be maintained as Confidential Information.

The Administrator will use reverse look-up and other customary practices to determine the mailing addresses associated with each of the Settlement Class Members identified on the Settlement Class List.

      **2.**    **Mailing**

A copy of the Mail Notice substantially in the form attached hereto as **Exhibit D** shall be mailed by first class U.S. Mail to every Settlement Class Member for which there is mailing address information (and by e-mail if applicable), by the deadline established by the Preliminary Approval Order.  Such mailing shall be completed by the Administrator and shall be mailed by the Class Notice Date.  After posting of the Mail Notice by the Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Administrator shall utilize the National Change of Address database (the "NCOA") and/or skip-tracing in an attempt to obtain better addresses for such returned Mail Notices and should the NCOA or skip-tracing show a more current address, the Administrator shall post the returned Mail Notice to the more current address.

To the extent that the Administrator is unable to obtain mailing address information for fifty (50) percent of the Settlement Class Members using reverse look-up, the Administrator will attempt to identify mailing address information using additional vendors and methods, subject to discussion with and approval by Class Counsel and Counsel for Stokes.  No more than three (3) total mailings will be attempted to any Settlement Class Member.

### 3.   Settlement Website

By the deadline for disseminating the Class Notice, the Administrator shall establish and maintain the Settlement Website, which, among other things: (i) enables Settlement Class Members to access and download the Claim Form; (ii) enables Settlement Class Members to submit a claim online; (iii) provides contact information for Class Counsel; (iv) promotes the Class Notice to Settlement Class Members; and (v) provides access to relevant documents concerning the Litigation.  Such documents shall include this Agreement and Long Form Notice; the Preliminary Approval Order; the Complaint; and, when filed, the Motion for Final Approval and Approval of Attorney's Fees, Costs, and Service Award, and Order of Final Approval.  The Class Notice shall include the address (URL) of www.StokesSettlement.com for the Settlement Website. The Administrator shall maintain the Settlement Website until at least sixty (60) days following the Settlement becoming Finally Approved.

The settlement website claim instructions will provide a conspicuous notice in bold font stating: "Any claim being made is in relation to a legal proceeding. Any knowingly false claims could be subject to civil or criminal penalties."

### 4.   IVR

By the deadline for disseminating the Class Notice, the Administrator shall establish and maintain a toll-free number that maintains an Interactive Voice Response ("IVR") system to

answer questions about the Settlement.  The Administrator shall maintain the IVR system until at least twenty-eight (28) days following the Settlement becoming Finally Approved.

### 5.      CAFA Notice

Stokes, through the Administrator, will serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). The Administrator will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.

### C.      Claim Filing, Review and Approval Process

### 1.      Claim Form

For Settlement Class Members to submit a valid Claim, they must correctly provide all the information and documentation required by the Claim Form attached as **Exhibit A**.  The Claim Form shall require any Settlement Class Member who submits a Claim to provide the following information and affirm that the information provided is true and accurate: (a) Claimant's name, current address, telephone number, and email address; (b) Claimant's facsimile telephone number(s) that it received a facsimile advertisement from Defendant; and (c) an affirmation that 1) the facsimile number at issue was theirs during the Class Period; 2) the facsimile was received on a telephone or digital facsimile machine and not solely at an electronic mail (E-Mail) address; and 3) the facsimile machine was one they controlled and paid to maintain and operate.

### 2.      Claim Filing Process

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment by mailing (either through posting with the United States Postal Service or through a private mail carrier, such as UPS or Federal Express, if proof of the mail date is reflected on the label of the mailing) a written and fully and accurately completed Claim Form, or by submitting a claim online through the Settlement Website, on a date no later than the Claim Deadline.  Any

Settlement Class Member who does not mail or submit online an accurate and fully completed Claim Form by the Claim Deadline shall be deemed to have waived any Claim and any such Claim will be rejected.

### 3. Invalid Claims

Any Settlement Class Member who fails to submit a timely, accurate and fully completed, valid Claim Form, shall not be entitled to receive a Claim Settlement Payment, but shall otherwise be bound by all the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4. Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Claimant is a member of the Settlement Class.  Full compliance with the requirements of Sections III(C)(1), III(C)(2), and III(C)(3) of this Agreement and the Claim Form shall be necessary for the submission of a valid Claim, and the absence of any of these requirements shall invalidate the proffered Claim.  All such Claim criteria shall be strictly enforced.  Any Claimant's failure to provide any of the required affirmations or information shall result in the Claim being deemed invalid, and Stokes shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim.  The Administrator shall not receive any incentive for denying claims.

### 5. Settlement Class Payment List

At least ten (10) days prior to the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Stokes with the Settlement Class Payment List.

### D. **Opt-Out Rights**

#### 1. **Opt-Out Requirements**

A Settlement Class Member who wishes to opt-out of the Settlement Class must do so in writing.  To opt-out, a Settlement Class Member must complete and send to the Administrator, at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires).  The Request for Exclusion must: (a) identify the Litigation; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify their facsimile telephone number(s) where the person received a facsimile advertisement from Stokes relating to the litigation; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Pet Parade, Inc., v. Stokes Healthcare, Inc., d/b/a Epicur Pharma*, Case No. 1:20-cv-24279-UU (S.D. Fla.)."

Any Settlement Class Member who does not opt-out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments, including the Final Approval Order.  Class or group requests for exclusion shall be prohibited.

A Settlement Class Member who desires to opt-out must take timely affirmative written action pursuant to this Section (Section III(D)), even if the Settlement Class Member desiring to opt-out (a) files or has filed a separate action against any of the Stokes Releasees or Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Stokes Releasees or Released Parties.

### 2. Opt-Outs Not Bound

Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

### 3. List of Requests for Exclusion

At least ten (10) days prior to the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Stokes with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

### 4. All Settlement Class Members Bound by Settlement

Except for those Settlement Class Members who timely and properly file a Request for Exclusion in accordance with Section III(D)(1), all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

### E. **Objections**

Any Settlement Class Member who does not opt-out of the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

### 1. Process

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Class Counsel and Counsel for Stokes (at the addresses identified in Sections I(J) and I(P)), no later than the Objection Deadline.

### 2.      Requirements

The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include: (a) the case name and number of the Litigation; (b) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel with counsel's contract information; (c) their facsimile number(s) where he/she received a facsimile advertisement from Stokes relating to the Litigation; (d) a description of the specific factual and legal basis for each objection raised; (e) a list of any other objections filed in any court for the past five (5) years; (f) if he or she is represented by counsel, a list of objections filed by that counsel in any court for the past (5) years; (g) any and all agreements that relate to the objection or the process of objecting—whether written or oral— between objector or objector's counsel and any other person or entity; and (h) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. Any objection must be personally signed by the Settlement Class Member.  Class or group objections shall be prohibited.

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

### 3.      Appearance

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with the Class Notice and this Section may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class

Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval

Hearing by the Objection Deadline ("Notice Of Intention to Appear"); and (b) serves the Notice

of Intention to Appear on Class Counsel and Counsel for Stokes by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number of the

Litigation; (b) the Settlement Class Member's name, address, telephone number, and signature,

and, if represented by counsel, their contact information; (c) their facsimile number(s) where

he/she received a facsimile advertisement from Stokes relating to the Litigation; (d) copies of any

papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the

Court in connection with the Final Approval Hearing; and (e) identify any witnesses that the

Settlement Class Member intends to call.

Any Settlement Class Member who does not file a Notice of Intention to Appear in

accordance with the deadlines and other specifications set forth in the Class Notice and this

Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

**4.      Discovery from Settlement Class Members Who Object to The Settlement**

The Parties shall have the right to take discovery (including written discovery and

depositions) from any Settlement Class Member that objects to the Settlement without further

leave of court.  If the Settlement Class Member that objects to the Settlement is represented by

counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's

counsel without further leave of court.

**F.      <u>Funding & Distribution of The Settlement Fund and Claim Settlement Payment</u>**

**1.      Settlement Fund**

As described herein, the Settlement Fund shall be used to provide the exclusive recovery

and relief for all settlement benefits to Settlement Class Members, including the payment of all

timely and approved Claim Settlement Payments, any reasonable attorneys' fees and costs approved and awarded by the Court to Class Counsel, any Service Award approved and awarded by the Court to Named Plaintiff, and the costs of notice and settlement administration. The Settlement Fund shall be the sole and exclusive monetary contribution or consideration paid or provided by Stokes under this Settlement Agreement, and Stokes shall not, under any circumstances, be obligated to pay any other additional amounts beyond the amounts outlined in this Section in connection with this Agreement. Any part of the Settlement Fund which is not used to provide timely and approved Claim Settlement Payments for the Settlement Class, attorneys' fees and costs, the Service Award, and costs of notice and settlement administration shall remain with Stokes.

### 2.      Funding

Stokes shall fund all amounts required by the Administrator for distribution of (a) any Claim Settlement Payments to Settlement Class Members who submit timely and valid Claim Forms; and (b) any Service Award to Named Plaintiff and any attorneys' fees and expenses to Class Counsel within seven (7) days after the Effective Date.

### 3.      Distribution

The Administrator shall pay (a) any Claim Settlement Payments to Settlement Class Members who submit timely and valid Claim Forms within twenty-eight (28) days after the Effective Date; and (b) any Service Award to Named Plaintiff and any attorneys' fees and expenses to Class Counsel approved by the Court within twenty-eight (28) days after the Effective Date.

### G.      <u>Non-Approval of Agreement</u>

This Agreement is conditioned on Final Approval without material modification of the Agreement, the Preliminary Approval Order, and the Final Approval Order by the Court. If the Agreement is not so approved, except as detailed herein, the Parties shall have the right to withdraw

from the Agreement and return to the status quo, as if no settlement of this Agreement had been negotiated or entered.  Moreover, the Parties shall be deemed to have preserved all of their rights or defenses and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they may have as to each other or any member of the Settlement Class. In the event that the Agreement is approved without material modification by the Court, but is later reversed, vacated, or materially modified on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive, evidentiary, procedural, or rights of any kind that they may have as to each other or any member of the Settlement Class.

      **H.**      **Stokes's Rights to Terminate Agreement**

Stokes's willingness to settle this Litigation on a class-wide basis and to agree to the certification of the Settlement Class is dependent upon achieving finality in this Litigation, and the desire to avoid further expense in this Litigation.  Consequently, Stokes shall have the right in its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement to Named Plaintiff, Settlement Class Members, or Class Counsel, if any of the following conditions subsequently occurs: (1) the Court fails or declines to grant Preliminary Approval pursuant to the terms of the Preliminary Approval Order attached hereto; (2) the Court fails or declines to grant Final Approval pursuant to the terms of the Final Approval Order attached hereto; (3) the Effective Date does not occur for any reason, including the entry of an order by any court that would require either modification or termination of the Agreement or Final Approval Order; or (4) any of the conditions described in this Agreement, including any Exhibits, as a basis for termination or cancellation occur or fail to occur.

I.       **Retention of Records**

The Administrator shall retain all records relating to payment of Claim Settlement Payments under this Agreement for a period of five (5) years from the Effective Date.  Those records shall be maintained in accordance with this Agreement as Confidential Information.

IV.      **EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION**

A.       **Exclusive Remedy; Permanent Injunction**

Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted-out) in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); and (iii) Settlement Class Members who have not opted-out shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

B.       **Dismissal of Claims**

The Parties agree that upon the Effective Date, the Litigation shall be dismissed with prejudice in accordance with the Order of Final Approval, substantially in the form attached hereto as **Exhibit F**.

C.       **Continuing Jurisdiction of Court**

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## V.    <u>**RELEASES**</u>

Upon the Effective Date of this Agreement, the Stokes Releasees shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims.  The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any Stokes Releasee based, in whole or in part, on any of the Released Claims.  The Class Representatives, the Settlement Class, and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States.  Section 1542 reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

Upon the Effective Date of this Agreement, the Stokes Releasees shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member for any and all Released Claims that they may have against any Stokes Releasee.

This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of this Agreement.

## VI.   COVENANTS, REPRESENTATIONS, AND WARRANTIES

Named Plaintiff and the Settlement Class Members covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Stokes Releasees or Released Parties; and (b) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Stokes Releasees or Released Parties.

Named Plaintiff represents and warrants that: (a) he is the sole and exclusive owner of his own Released Claims; (b) that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Stokes Releasees or Released Parties; (c) that he will not assign or otherwise transfer any interest in any of the Released Claims; and (d) that he has no surviving claim or cause of action against any of the Stokes Releasees or Released Parties that is not being released by this Agreement.

## VII.   MISCELLANEOUS PROVISIONS

### A.   Cooperation to Facilitate this Settlement.

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### B.   Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal

effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### C.   No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of itself or the Settlement Class, against Stokes.   Stokes expressly denies and disclaims any liability or wrongdoing.   The existence, contents, and terms of this Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding, except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

### D.   Public Statements

Prior to entry of a Preliminary Approval Order, the Parties agree to not issue any press or media release or initiate contacts with the media regarding the Settlement, other than the Class Notice to be issued by the Administrator as set forth in this Settlement Agreement.  If any Party or attorney is contacted by a member of the press or other person seeking a comment on the Settlement, the Party or attorney will refer the inquiring party to the Class Notice, the Preliminary Approval Motion and/or the Claims Administrator.

### E.   Contractual Agreement

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full

and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

F. **Change of Time Periods**

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Stokes. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement. Such changes in time period shall not require any new or additional notice to the Settlement Class, but such changes shall be posted to the Settlement Website as needed.

G. **Integration**

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

H. **Drafting**

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

I.  **Costs**

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

J.  **Modification or Amendment**

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

K.  **No Waiver**

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

L.  **Severability**

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section (Section VII(L)) shall not apply should any court or tribunal find any part, term, or provision of the release, as set forth in Section V, to be illegal or invalid in any manner.  The terms of this Section (Section VII(L)) shall likewise not apply should any court or tribunal find any part, term, or provision of Sections III(d)(4), III(G) or III(H) to be illegal or invalid in any manner.

**M.**  **No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under: (a) any applicable provision of any federal, state, or local law or regulation; (b) any provision of any order, arbitration award, judgment, or decree; or (c) any provision of any agreement or instrument applicable to the Parties.

**N.**  **Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

**O.**  **Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs.  The adequacy of the Settlement, any determination regarding Class Counsel's fees and expenses, and any Incentive Payment shall be governed by federal law.

**P.**  **Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**Q.**  **Headings**

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**R.**  **Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and

conditions set forth herein.

### S.    Counterparts

This Agreement may be executed in one or more counterparts.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

### T.    Facsimile and Electronic Mail

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

### U.    Warranty of Signature

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing, and that this Agreement is binding on the principal represented by that signatory.

### V.    No Assignment

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party in connection with the claims that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party in connection with this Litigation.  Any Party that breaches the representations and warranties set forth in this Section (Section VII(V)) shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand

of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section (Section VII(V)).

### W.      Confidentiality; Communications to Media and Public

The Parties, Class Counsel, and Counsel for Stokes agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Agreement is filed in connection with the motion for preliminary approval.

Nothing in this Agreement prevents the Parties or their counsel from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.

### X.      Settlement to Proceed Regardless of Any Future Court or Administrative Ruling

The Parties agree that this Settlement shall be binding and enforceable irrespective and regardless of any further court orders, FCC Orders, judicial opinions, or legislative enactments that may be entered or ruled upon prior to the entry of an order granting final approval of the Settlement. The parties further agree that the Settlement and any Settlement Agreement shall be enforced regardless of any future action taken by the FCC, judicial opinions entered in other matters, or future legislative enactments.

If the Court should find that it lacks subject matter jurisdiction to approve the Settlement in Federal court, then Plaintiff may refile the action in state court, and the Parties will seek court approval of the Settlement in state court.

////


*Section intentionally left blank.*


////

36

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: ___05/17/2021___     By:    _____
                                   Clifford Sens, as owner and principal of Pet Parade, Inc.
                                   *Named Plaintiff and Class Representative*


Dated: _____     By:    _____
                                   Seth M. Lehrman
                                   Joshua H. Eggnatz
                                   Michael J. Pascucci
                                   *Counsel for Named Plaintiff and the Settlement Class*


                                   STOKES HEALTHCARE, INC.


Dated: _____     By:    _____

                                   Name: _____

                                   Title:  _____


Dated: _____     By:    _____
                                   By:

                                   *Counsel for Defendant*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____    By: _____

Clifford Sens, as owner and principal of Pet Parade, Inc.
*Named Plaintiff and Class Representative*

Dated: 05/17/2021    By: _____

Seth M. Lehrman
Joshua H. Eggnatz
Michael J. Pascucci
*Counsel for Named Plaintiff and the Settlement Class*

STOKES HEALTHCARE, INC.

Dated: 05/14/2021    By: _____

Name: Michael Tursi

Title: President

Dated: 5/17/21    By: _____
By:

*Counsel for Defendant*

38

# EXHIBIT A

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
**[DEADLINE]**

</td><td>

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

*PET PARADE, INC. v. STOKES HEALTHCARE, INC., D/B/A EPICUR PHARMA*
*CASE NO. 1:20-CV-24279-KMW*
**Claim Form**

</td><td>

**STO**

</td></tr>
</table>

## I.  YOUR CONTACT INFORMATION AND MAILING ADDRESS

Provide your name and contact information below. You must notify the Administrator if your contact information changes after you submit this form.

| | | |
|---|---|---|
| **First Name** | **Middle Name** | **Last Name** |

**Entity Name**

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

**Facsimile Number(s) That Received Facsimile Advertisements from Epicur**

| | |
|---|---|
| **Current Contact Telephone Number** | **Email Address** |

## II.  AFFIRMATION

By signing below, I affirm that the information provided on this Claim Form is true and accurate, that the facsimile number provided in this Claim Form received a facsimile advertisement from Stokes during the Class Period, that the facsimile was received on a telephone or digital facsimile machine and not solely at an electronic mail (E-Mail) address, and that the facsimile machine was one which I/we controlled and paid to maintain and operate.

_____          Date: _____

Your signature                                                      MM          DD          YYYY

_____

Your name & Position

2

# EXHIBIT B

| | | |
|---|---|---|
| **Your claim must be submitted online or postmarked by: [DEADLINE]** | UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF FLORIDA<br><br>*PET PARADE, INC. V. STOKES HEALTHCARE, INC., D/B/A EPICUR PHARMA*<br>*CASE NO. 1:20-CV-24279-KMW*<br>**Claim Form** | **STO** |

## CLAIM FORM INSTRUCTIONS

1. You may submit your Claim Form online at www.EpicurSettlement.com or by U.S. Mail to the following address: *Epicur Settlement*, c/o Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Please make sure to include the completed and signed Claim Form in one envelope.

2. You must complete the entire Claim Form. Please type or write your responses legibly.

3. Please keep a copy of your Claim Form for your records.

4. If your Claim Form is incomplete or missing information, your Claim will be deemed invalid, and you will waive your right to receive money under the Settlement.

5. If you have any questions, please contact the Administrator by email at info@EpicurSettlement.com or by mail at the address listed above.

6. **You must notify the Administrator if your address changes. If you do not, you may not receive your payment.**

7. **DEADLINE -- Your claim must be submitted online by [DEADLINE DATE]. Claim Forms submitted by mail must be postmarked no later than [DEADLINE DATE].**

1

# EXHIBIT C

*Pet Parade, Inc. v. Stokes Healthcare, Inc. d/b/a Epicur Pharma*
**United States District Court for the Southern District of Florida,**
**Case No. 1:20-cv-24279-KMW**

**If you received a facsimile advertisement from Epicur Pharma**
**YOU MAY BE ENTITLED UP TO $500 CASH**
**under a class action settlement.**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- **The Action:** Pet Parade filed a Class Action Complaint against Stokes Healthcare, Inc., doing business as Epicur Pharma (referenced herein as "Epicur"), asserting claims under the Junk Fax Prevention Act ("JFPA") provisions of the Telephone Consumer Protection Act ("TCPA"). Pet Parade alleges that it and members of the class received unsolicited facsimile advertisements from Epicur advertising various veterinary medications, and which did not include required language on how to "opt out" of future faxes. Epicur denies Plaintiff's allegations that the faxes were unsolicited or unlawful whatsoever.  Epicur further asserts that most, if not all, the facsimile advertisements were either sent in the course of an existing business relationship or were welcomed by the recipient. The Court has not ruled on the merits of Plaintiff's claims or Epicur's defenses.  Epicur has agreed to enter into the Settlement, and by doing so has not conceded the truth or validity of any of the claims against it.

- **The Class Definition:** All persons identified on Epicur's Master Fax List who (1) during the four-year period prior to the filing of this action through the date of preliminary approval, (2) were sent a telephone facsimile message advertising the commercial availability or quality of any property, goods, or services by or on behalf of Epicur, (3) that did not display an opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, would be unlawful. These persons are called "Settlement Class Members."

- **The Settlement Fund:** Epicur has agreed to make cash payments of **up to $500 to Settlement Class Members** who submit a valid and timely claim form ("Claim Form") and pay for attorneys' fees and expenses and a potential Service Award to Plaintiff (the "Settlement Fund"), if approved by the Court, to fully settle and pay for a release of claims of the Settlement Class Members.

- Your rights and options, and the deadlines to exercise them, are explained more fully in this Notice.  **Your legal rights are affected whether you act or don't act**.  **Read this Notice carefully**. Some of your rights include:

  - **Your Right to Hire an Attorney:** Any Settlement Class Member may enter an appearance in this lawsuit through an attorney if the member so desires. You are not required to hire any attorney, however, to exercise your rights.

  - **How to Exclude Yourself:** To exclude yourself, you must request an exclusion. To be valid, you must mail a written notice of exclusion to the Administrator, so

that it is postmarked no later than [45 days after the Class Notice Date] (the "Opt-Out Deadline"). To exclude yourself, follow the procedures described under Question 13 below.

o **The Binding Effect of a Class Judgement**: Unless you exclude yourself, the Court will find you have agreed to the Settlement, and you will be part of the Settlement Class and will be bound by the release of claims in the Settlement. This means that if the Settlement is approved, you cannot pursue or continue to pursue any Released Claim, as explained more fully below, against Epicur or any other Released Parties, whether on your own or as part of any other lawsuit.  It also means that all of the Court's orders will apply to you and legally bind you.  In summary, unless you exclude yourself, the Court will find you have agreed to release Epicur and any other Released Parties, as defined in the Settlement Agreement and Release, from any and all claims that were asserted in the litigation and all claims that relate to or arise from Epicur sending facsimile advertisements.

o **The Final Approval Hearing**: The Court will hold a Final Approval Hearing at [INSERT TIME] on [INSERT DATE] at Room 11-3 in the United States District Court for the Southern District of Florida, The Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. At this hearing, the Court must still decide whether the Settlement is fair, reasonable and adequate.

o **The Claim Deadline**: If you submit a valid Claim Form by [45 days after Class Notice Date], you will receive a payment and will give up your rights to pursue or continue to pursue a Released Claim. Claim Forms may be submitted by mail to Epicur Settlement, c/o Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 or online at **www.EpicurSettlement.com**.

- The Court in charge of this case must still decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

<u>Class Counsel Contact Information</u>

Seth M. Lehrman, Esq.
EDWARDS POTTINGER, LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
E-mail: seth@epllc.com

Joshua H. Eggnatz, Esq.
Michael J. Pascucci, Esq.
EGGNATZ | PASCUCCI
7450 Griffin Rd., Suite 230
Davie, FL 33314
Telephone: 954-889-3359
E-mail: JEggnatz@JusticeEarned.com

<u>Claims Administrator Contact Information</u>

Epicur Settlement
c/o Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email:  info@EpicurSettlement.com
Toll-Free: XXX-XXX-XXXX

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you submit a valid Claim Form by [45 days after Class Notice Date], and the Court approves the Settlement, you will receive a payment and will give up your rights to pursue or continue to pursue a Released Claim, as defined in the Settlement Agreement, against Epicur and/or any other Released Parties. Claim Forms may be submitted by mail to Epicur Settlement, c/o Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 or online at www.EpicurSettlement.com. |
| **EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT** | If you ask to be excluded, you will not receive a payment. **This is the only option that allows you to pursue or continue to pursue a Released Claim against Epicur and/or other Released Parties on your own.** The deadline for excluding yourself is [45 days after Class Notice Date]. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you believe the Settlement is unfair in any respect, including any requested amounts of attorneys' fees, expenses, and Service Award. The deadline for objecting is [45 days after Class Notice Date]. If you object, you must still submit a Claim Form. **If you submit an objection without a Claim Form you will not receive any benefit from the Settlement, and you will give up your rights to pursue or continue to pursue a Released Claim against Epicur and/or any other Released Parties.** |
| **DO NOTHING** | **If you do nothing, you will not receive any monetary award and you will give up your rights** to pursue or continue to pursue a Released Claim against Epicur and/or any other Released Parties. |
| **GO TO THE FINAL APPROVAL HEARING** | You may ask to speak in Court about the fairness of the Settlement, if you object to the Settlement. To speak at the Final Approval Hearing, you must comply with the requirements set forth in Question 21 below no later than [45 days after Class Notice Date]. |

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit styled *Pet Parade, Inc. v. Stokes Healthcare, Inc. d/b/a Epicur Pharma*, Case No. 1:20-cv-24279-KMW (S.D. Fla.).  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.  This Notice summarizes the Settlement and your rights under it.

### 2. What does it mean if I received a postcard or e-mail about this Settlement?

If you received a postcard or e-mail describing this Settlement, it is because Epicur's records indicate that you are a member of the Settlement Class in this action.  The Settlement Class is defined in question 5 below.

### 3. What is this class action lawsuit about?

In a class action, one or more people called Class Representatives (here, Plaintiff) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members.  One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Pet Parade alleges that it and Settlement Class Members received unsolicited facsimile advertisements from Epicur advertising various veterinary medications, and which did not include required language on how to "opt out" of future faxes. Epicur denies Plaintiff's allegations, denies that the faxes were unsolicited or unlawful, and denies any wrongdoing whatsoever. Epicur further asserts that most, if not all, the facsimile advertisements were either sent in the course of an existing business relationship or were welcomed by the recipient.  The Court has not ruled on the merits of Plaintiff's claims or Epicur's defenses. Epicur has agreed to enter into the Settlement, and by doing so has not conceded the truth or validity of any of the claims against it.

The Court has conditionally certified a class action for settlement purposes only.  The Honorable Kathleen M. Williams is the judge in charge of the lawsuit.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Epicur.  Instead, both sides agreed to this Settlement.  That way, they avoid the risk and cost of a trial, and the Settlement Class Members will receive compensation.  Plaintiff and Class Counsel think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT CLASS?

**5. How do I know if I am part of the Settlement Class?**

The Court has certified this case as a class action for settlement purposes only.  The Settlement Class includes:

> All persons identified on Epicur's Master Fax List who (1) during the four-year period prior to the filing of this action through the date of preliminary approval, (2) were sent a telephone facsimile message advertising the commercial availability or quality of any property, goods, or services by or on behalf of Epicur, (3) that did not display an opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, would be unlawful.

> Notwithstanding the foregoing, the Settlement Class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Epicur or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, and the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to any of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Settlement Agreement and Release.

If you are still not sure whether you are included in the Settlement Class, you can visit other sections of the Settlement Website, www.EpicurSettlement.com, or you may write to or call the Administrator for more information:

Epicur Settlement
c/o Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email:  info@EpicurSettlement.com
Toll-Free:  XXX-XXX-XXXX

## THE LAWYERS REPRESENTING YOU

**6. Do I have lawyers in this case?**

The Court has appointed lawyers from the law firms of Edwards Pottinger, LLC and Eggnatz Pascucci, P.A. as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7. How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to $495,000 to them for attorneys' fees, plus reasonable expenses not to exceed $15,000.  Class Counsel also will ask the Court to

approve a potential payment of up to $5,000.00 to the Plaintiff for the service provided as Class Representative.  The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. What does the settlement provide? |
|---|

**Settlement Fund**. Epicur has agreed to make available $1,650,000.00 to cover: (1) payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees and expenses to Class Counsel; (3) a potential Service Award to Plaintiff; and (4) the costs of notice and administration of the Settlement.

**Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a payment.  To submit a Claim Form, follow the procedures described under Question 11 below.

| 9. How much will my payment be? |
|---|

If you submit a timely and valid Claim Form **you will receive up to $500**.The amount you receive will depend on how many Settlement Class Members submit a timely and valid Claim Form and how much of the Settlement Fund is allocated to the costs of notice and administration, attorneys' fees, a potential Service Award, and other expenses.

| 10. What am I giving up to stay in the Settlement Class? |
|---|

You are giving up your right to legally pursue the Released Claims, as defined in the Settlement Agreement and Release. This means that if the Settlement is approved, you cannot pursue or continue to pursue any Released Claim against Epicur or any other Released Parties, whether on your own or as part of any other lawsuit, as explained in the Settlement Agreement and Release. It also means that all of the Court's orders will apply to you and legally bind you.  Unless you exclude yourself from the Settlement, the Court will find you have agreed to be part of the Settlement Class have agreed to release Epicur and any other Released Parties, as defined in the Settlement Agreement and Release, from any and all claims that were asserted in the litigation and all claims that relate to or arise from Epicur sending facsimile advertisements.

In summary, the Released Claims includes, without limitation, all claims that were asserted or could have been asserted in the litigation based on Epicur sending facsimile advertisements, including, but not limited to, claims under the TCPA and JFPA or any other statute or the common law, for any form of relief.

If you have any questions about the release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The release does not apply to persons in the Settlement Class who timely exclude themselves.

**HOW TO OBTAIN A PAYMENT**

| 11. How can I get a payment? |
| --- |

To receive a payment, you must submit a Claim Form by the deadline of [45 days after Class Notice Date].     You may get a Claim Form on the Settlement Website, www.EpicurSettlement.com, or by calling the Toll-Free Settlement Hotline, [INSERT NUMBER].  **Read the instructions carefully. To be valid, the Claim Form MUST be filled out completely and accurately, signed by you, and submitted on a timely basis**.

You may submit a Claim Form by mail or online:

A Claim Form may be submitted by mail to the Administrator at: Epicur Settlement, c/o Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  The Claim Form must be postmarked by [45 days after Class Notice Date]; or

**A Claim Form may be submitted online on the Settlement Website at: www.EpicurSettlement.com.**
The Claim Form must be submitted online by [45 days after Class Notice Date].

**ANY CLAIM BEING MADE IS IN RELATION TO A LEGAL PROCEEDING.  ANY KNOWINGLY FALSE CLAIM COULD BE SUBJECT TO CIVIL OR CRIMINAL PENALTIES.**

**WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?**

| 12. When will I receive a Settlement payment? |
| --- |

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  If there are appeals, it is uncertain when they will conclude, but resolving them can take time, perhaps more than a year.  Everyone who sends in a Claim Form will be informed of the progress of the Settlement through information posted on the Settlement Website at www.EpicuSettlement.com.  Please be patient.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

| 13. How can I get out of the Settlement? |
| --- |

If you want to keep your rights to pursue or continue to pursue any Released Claim against Epicur and/or any Released Parties, as defined in the Settlement Agreement and Release, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from, or opting-out of, the Settlement Class. If you exclude yourself you will not be legally bound by anything that happens in this lawsuit.

7

To exclude yourself from the Settlement, you must submit an exclusion request form by mail or online.

An exclusion request form can be found on the Settlement Website and must be submitted by mail to the Administrator at: Epicur Settlement, c/o Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  The exclusion request must be postmarked by [45 days after Class Notice Date]; or

**An exclusion request form may be submitted online on the Settlement Website at: www.EpicurSettlement.com.**
The exclusion request must be submitted online by [45 days after Class Notice Date].

To be valid, your exclusion form must be postmarked or submitted online no later than [45 days after the Class Notice Date] (the "Opt-Out Deadline"), and shall clearly state the following in the written notice of exclusion: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the facsimile telephone number(s) where the person received a facsimile advertisement from Epicur relating to the litigation; (d) contain the statement that indicates a desire to be excluded from the Settlement Class in the litigation, "I hereby request that I be excluded from the proposed Settlement Class in *Pet Parade, Inc., v. Stokes Healthcare, Inc., d/b/a Epicur Pharma,* Case No. 1:20-cv-24279-KMW (S.D. Fla.);" and (e) be personally signed by the Settlement Class Member requesting exclusion.  No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, your exclusion request must be postmarked or submitted online no later than [45 days after Class Notice Date] to the Administrator at Epicur Settlement, Attn: Exclusion Request, PO Box 58220, Philadelphia, PA 19102.**

### 14. If I do not exclude myself, can I sue Epicur for the same thing?

No.  If you do not exclude yourself, you give up any rights to pursue (or continue to pursue) any Released Claims against Epicur and/or any Released Parties.

### 15. If I exclude myself, can I get a benefit from this Settlement?

No.  If you ask to be excluded, you will not be able to submit a Claim Form for a Settlement payment, and you cannot object to the Settlement.

### OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court that I do not think the Settlement is fair?

If you are in the Settlement Class, you can object to the Settlement or any part of the Settlement that you think the Court should reject, and the Court will consider your views.  If you do not

provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and expenses and/or Service Award.

To be valid, the written objection must include:  (a) the case name and number of the litigation; (b) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel with counsel's contract information; (c) the facsimile number(s) where he/she received a facsimile advertisement from Epicur relating to the litigation; (d) a description of the specific factual and legal basis for each objection raised; (e) a list of any other objections filed to any other proposed class action settlements in any court for the past five (5) years; (f) if he or she is represented by counsel, a list of objections filed to any other proposed class action settlements by that counsel in any court for the past (5) years; (g) any and all agreements that relate to the objection or the process of objecting—whether written or oral— between objector or objector's counsel and any other person or entity; and (h) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

Any objection must be personally signed by the Settlement Class Member.  Class or group objections shall be prohibited.

Any Settlement Class Member who fails to object to the Settlement in the manner described above shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

**To be considered, you must file your objections with the Court, or mail to the Court at the address below and be postmarked no later than [45 days after Class Notice Date]:**

Clerk of Court
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128
(305) 523-5100

Attention: "Pet Parade, Inc. v. Stokes Healthcare, Inc., Case No. 1:20-cv-24279-Williams

**Your objections must also be mailed to the addresses below and postmarked no later than [45 days after Class Notice Date].**

For Plaintiff:

Joshua H. Eggnatz, Esq.
EGGNATZ | PASCUCCI
7450 Griffin Rd., Suite 230
Davie, FL 33314

For Epicur:

Holly M. Hamilton, Esq.
MARSHALL,  DENNEHEY,  WARNER,
COLEMAN & GOGGIN
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308

**If you file an objection and you want to obtain a benefit from this Settlement, you must submit a Claim Form.  If you object, but fail to submit a Claim Form, you will not receive any monetary award.**

| 17. What is the difference between objecting and excluding yourself? |
|---|

Objecting is telling the Court that you oppose something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself means that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

| 18. What happens if I do nothing at all? |
|---|

If you do nothing, you will not receive any monetary award and you will give up your rights to pursue or continue to pursue Released Claims against Epicur and/or any other Released Parties. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

| 19. When and where will the Court decide whether to approve the Settlement? |
|---|

The Court will hold a Final Approval Hearing at [INSERT TIME] on [INSERT DATE] at Room 11-3 in the United States District Court for the Southern District of Florida, The Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate.  If there are valid objections that comply with the requirements in Question 16 above, the Court will also consider them and will listen to people who have asked to speak at the hearing.  The Court will also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional mailed notice, so please underline check the Settlement Website for updates.

| 20. Do I have to come to the hearing? |
|---|

No.  Class Counsel will appear on behalf of the Settlement Class.  But, you are welcome to come, or have your own lawyer appear, at your own expense.

| 21. May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above.  To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear.  For this document to be considered, it must include: (a) the case name and number of the litigation; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel,

their contact information; (c) the facsimile number(s) where he/she received a facsimile advertisement from Epicur relating to the litigation; (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing; and (e) identify any witnesses that the Settlement Class Member intends to call.  The document must be filed with the Court no later than [INSERT DATE- 45 DAYS AFTER CLASS NOTICE DATE].  You cannot speak at the hearing if you exclude yourself from the Settlement.

**To be considered, you must file your Notice of Intention to Appear with the Court by mailing to the address below and postmarked no later than [45 days after Class Notice Date]:**

Clerk of Court
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128
(305) 523-5100

Attention: "Pet Parade, Inc. v. Stokes Healthcare, Inc., Case No. 1:20-cv-24279-Williams

## GETTING MORE INFORMATION

| 22. How do I get more information? |
| --- |

This Notice is only a summary of the proposed Settlement.  You can get a complete copy of the Settlement Agreement by visiting the Settlement Website, www.EpicurSettlement.com, or you can write to the address below or call the Toll-Free Settlement Hotline, [INSERT NUMBER].

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, EPICUR, OR EPICUR'S COUNSEL ABOUT THE SETTLEMENT.  ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT D

Legal Notice

# If you received a facsimile from Stokes Healthcare, Inc., d/b/a Epicur Pharma you could be entitled up to a $500 CASH settlement payment.

**What is this notice about?** This notice summarizes a proposed Settlement in a class action lawsuit.

**What is this lawsuit about?** The Settlement would resolve a class action lawsuit where the Plaintiff alleged that Stokes Healthcare, Inc. d/b/a Epicur Pharma (referenced herein as "Epicur") sent facsimile advertisements in violation of the Junk Fax Prevention Act ("JFPA") provisions of the Telephone Consumer Protection Act ("TCPA"). Epicur denies that the faxes were unsolicited any wrongdoing. Epicur further asserts that most, if not all, the facsimile advertisements were either sent in the course of an existing business relationship or were welcomed by the recipient. The Court has not ruled on the merits of Plaintiff's claims or Epicur's defenses.

**Why am I getting this notice?** You were identified as an individual or entity that was sent a facsimile advertisement from or on behalf of Epicur.

**What does the Settlement provide?** Epicur has agreed to make cash payments to class members who submit a valid claim form ("Claim Form"), to pay for the cost of notice and administration of the Settlement, and attorneys' fees and expenses incurred by counsel for the Settlement Class ("Class Counsel") and a potential Service Award Payment for Plaintiff.  **A Settlement Class Member who submits a valid Claim Form will receive a check for up to $500**. Plaintiff will petition for a Service Award not to exceed $5,000. Class Counsel will petition for attorney's fees up to $495,000, plus reasonable expenses up to $15,000. The amount you receive will depend on how many timely and valid Claim Forms are submitted and how much of the Settlement Fund is allocated to the costs of notice and administration, attorneys' fees and costs, and a potential Service Award.

**How can I receive a payment from the Settlement?** You must complete and submit a valid Claim Form by [**45 days after Class Notice Date**]. You can submit a Claim Form online at www.EpicurSettlement.com. You can also submit a Claim Form by mail. You can obtain a Claim Form at www.EpicurSettlement.com or by calling [INSERT HOTLINE].  If mailed in, Claim Forms must be sent to the address on the reverse side of this notice and must be postmarked no later than [45 days after Class Notice Date].

**How can I receive a payment from the Settlement?** You must complete and submit a valid Claim Form by [**45 days after Class Notice Date**].  You can submit a Claim Form online at www.EpicurSettlement.com. You can also submit a Claim Form by mail. You can obtain a Claim Form at www.EpicurSettlement.com or by calling [INSERT HOTLINE].  If mailed in, Claim Forms must be sent to the address on the reverse side of this notice and must be postmarked no later than [45 days after Class Notice Date].

**Do I have to be included in the Settlement?** If you don't want monetary compensation and you want to keep the right to pursue or continue to pursue claims against Epicur on your own, then you must exclude yourself from the Settlement by submitting an exclusion request online, or by sending an exclusion request form to the Administrator postmarked, no later than [45 days after Class Notice Date] to the address on the reverse side of this notice.  The exclusion request must contain the specific information set forth on the Class Notice on the settlement website and in the Settlement Agreement and Release.

**If I don't like something about the Settlement, how do I tell the Court?** If you don't exclude yourself from the Settlement, you can object to the Settlement.  You must file your written objection or mail it to the Court by [45 days after Class Notice Date].  Your written objection must also be mailed to both Class Counsel and Epicur's Counsel and postmarked no later than [45 days after Class Notice Date].  Your written objection must contain the specific information set forth in the Class Notice on the Settlement Website and in the Settlement Agreement and Release.

**What if I do nothing?** If you do nothing, you will not be eligible for a payment. But, you will still be a Settlement Class Member bound by the Settlement, and you will release Epicur from all liability associated with the alleged actions giving rise to this case.

**How do I get more information about the Settlement?** Visit **www.EpicurSettlement.com.**  You can also obtain additional information, a more detailed notice describing the Settlement, or a Claim Form, by calling [INSERT ADMINISTRATOR NUMBER].

**www.EpicurSettlement.com**

Epicur Settlement
c/o Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

PRESORTED
FIRST-CLASS
MAIL
US POSTAGE
**PAID**
CITY, ST
PERMIT #000

Notice ID:  [Notice ID]
JANE ANNE SMITH
123 WALNUT STREET
ANYTOWN, FL 00000-0000

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:20-cv-24279-KMW

PET PARADE, INC., on behalf of itself and
all others similarly situated,

      Plaintiff,

vs.

STOKES HEALTHCARE, INC., a foreign
company, doing business as EPICUR PHARMA,

      Defendant.

_____/

### [PROPOSED] PRELIMINARY APPROVAL ORDER

Having fully considered the Renewed Unopposed Motion for Preliminary Approval of Class Settlement ("Motion") of Plaintiff, Pet Parade, Inc., ("Plaintiff"), [ECF No. 46], the Parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

### I.    PRELIMINARY APPROVAL OF SETTLEMENT

1.    As used in this Preliminary Approval Order, unless otherwise noted, all capitalized terms shall have the definitions and/or meanings given them in the Parties' Settlement Agreement (the "Agreement").

2.    The Court has jurisdiction over the subject matter and the Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3.    Venue is proper in this District.

4.     It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted).  In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial.  *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Moreover, "administrative feasibility is not a requirement for certification under Rule 23." *Cherry et al. v. Dometic Corp.*, 986 F.3d 1296, 1304(11th Cir. Feb. 2, 2021)

## II.     THE CLASS, REPRESENTATIVE, AND CLASS COUNSEL

5.     The Court finds, for settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore preliminarily certifies the following class:

> All persons identified on Epicur's Master Fax List  who (1) during the four-year period prior to the filing of this action through the date of preliminary approval, (2) were sent a telephone facsimile message advertising the commercial availability or quality of any property, goods, or services by or on behalf of Epicur, (3) that did not display an opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, would be unlawful.

This class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Stokes Healthcare, Inc. ("Defendant" or "Epicur") or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, and the judges of the United States Court of Appeals for the Eleventh Circuit, their

spouses, and persons within the third degree of relationship to either of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Agreement.

6.      The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason.  The Parties reserve and retain all of their rights in the event the Settlement does not become Final for any reason.

7.      For settlement purposes only, the Court preliminarily appoints Plaintiff Pet Parade, Inc. as Class Representative.

8.      For settlement purposes only, the Court appoints the following persons and firms as Class Counsel for the Settlement Class:

> Seth M. Lehrman, Esq.
> EDWARDS POTTINGER, LLC
> 425 North Andrews Avenue, Suite 2
> Fort Lauderdale, FL 33301
>
> Joshua H. Eggnatz, Esq.
> Michael J. Pascucci, Esq.
> EGGNATZ | PASCUCCI
> 7450 Griffin Road, Suite 230
> Davie, FL 33314

9.      At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness."   4 Newberg on Class Actions § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason."  *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness.  *See* Manual for Complex Litigation, Third, §

30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

10.     The Court preliminarily approves the Settlement, together with all revised exhibits thereto, as fair, reasonable and adequate.  The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel.  The Court further finds that the Settlement, including the revised exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant  Final Approval to the Settlement and enter a Final Approval Order.

## III.   NOTICE TO CLASS MEMBERS

11.     Upon entry of this Order, the Court approves Angeion Group at the designated Settlement Administrator.

12.     The Settlement Class Notice program shall be effectuated as follows:

a.      Within ten (10) days of the entry of this Order, the Parties shall provide to the Settlement Administrator the Settlement Class List in electronic format with sufficient records identifying the 11,205 individuals and entities identified on Epicur's Master Fax List, including the address, telephone number, facsimile number, and the e-mail address for each Settlement Class Member, if such information is available to Epicur in its business records. The Settlement Administrator shall use all relevant contact information to determine the

4

mailing addresses for the Settlement Class Members, including reverse look-up and other customary practices. If a mailing address can be secured, direct notice by mail shall be dispatched. If a mailing address is unable to be secured, direct notice shall be sent by facsimile.

b.    No later than forty-two (42) Days after the entry of this Order, the Settlement Administrator will mail (and e-mail and fax where applicable) the revised Mail Notice, attached hereto as Exhibit A, to all such members of the Settlement Class whose addresses were derived as part of the process described in the Paragraph above and in accordance with the Agreement.

c.    The Settlement Administrator will maintain the Settlement Website in accordance with the Agreement.

d.    The Settlement Administrator will file proof of compliance with the Settlement Class Notice program at or before the Final Approval Hearing.

13.    The form and content of the revised Mail Notice and revised Long Form Notice, attached hereto as Exhibits A and B, is fair, reasonable, and adequate, and shall be disseminated to the Settlement Class in accordance with the Agreement.

14.    The Court finds that the Settlement Class Notice program is reasonably calculated, and the best practicable under the circumstances, to apprise the Settlement Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for an Attorneys' Fee Award and a potential Service Award; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any

member of the Settlement Class who does not request exclusion may object to the Settlement, the request for an Attorneys' Fee Award and/or a potential Service Award and, if he or she desires, enter an appearance personally or through counsel; (g) of the time and place of the Final Approval Hearing; and (h) prominently displays the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries. The Court further finds that the Class Notice is written in plain English and is readily understandable by members of the Settlement Class. Therefore, the Court approves the Class Notice program and the form and content of the Notices attached hereto.

15.     No later than ten (10) days before the Final Approval Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program; and (b) number of valid claims, opt-outs, and objections.

## IV.    CLAIM FORM

16.     The Court adopts and approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement.  Any member of the Settlement Class who wishes to receive benefits under the Agreement must sign and return (or submit online) a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked or submitted online no later than 45 days after dissemination of the Mail Notice.  Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

## V.    EXCLUSION REQUESTS

17.    Any member of the Settlement Class who wishes to opt-out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion to the Settlement Administrator at the address on the Class Notice and to be postmarked or submitted online no later than 45 days after dissemination of the Mail Notice. (the "Opt-Out and Objection Deadline").

18.    The opt-out request must be personally signed by the Settlement Class Member requesting exclusion and contain the following information:

a)    Identify the case name;

b)    The name, address, telephone number of the Settlement Class Member opting out;

c)    Identify the facsimile number(s) where the Settlement Class Member received a facsimile advertisement from Defendant;

d)    Be personally signed by the Settlement Class Member, and class or group requests for exclusion shall be prohibited; and

e)    Contain a statement that indicates a desire to be excluded from the Settlement Class. An exclusion request form with the above fields shall be made available on the Settlement Website. A timely and valid request to opt-out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all Settlement Class Members who properly and timely submit an opt-out request (the "Opt-Out List").

19.    Any Settlement Class Member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any

7

other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

## VI.   OBJECTIONS

20.   Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or the proposed Settlement or who wishes to object to the Attorneys' Fee Award or potential Service Award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

a)   The name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel with counsel's contact information;

b)   The case name and number;

c)   A signed declaration stating that he or she is a member of the Settlement Class and that he or she received one or more facsimile advertisements by or on behalf of Defendant, along with his or her facsimile number(s) that received facsimile advertisements from Defendant;

d)   A statement of all objections to the Settlement with the specific factual and legal basis for each objection; and

e)   A list of any other objections to any other proposed class action settlements filed in any court for the past five (5) years;

f)   If he or she is represented by counsel, a list of objections filed to any other proposed class action settlements by that counsel in any court for the past (5) years;

8

g)     Any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and

h)     Any objection must be personally signed by the Settlement Class Member.  Class or group objections shall be prohibited.

21.     Any member of the Settlement Class who fails to file and serve a timely written objection pursuant to this Preliminary Approval Order and as detailed in the revised Mail Notice and revised Long Form Notice shall not be permitted to object to the approval of the Settlement or the Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

22.     Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Deadline, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

Clerk of Court
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, Florida 33128

Attention: "Pet Parade, Inc. v. Stokes Healthcare, Inc., Case No. 1:20-cv-24279-Williams A copy of the objection, postmarked no later than the Opt-Out and Objection Deadline, must also be mailed to Class Counsel and Counsel for Defendant at their designated addresses.

23.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered  by the Court unless such person has filed with, or mailed to, the Clerk of Court and timely mailed to Counsel, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any person who files an objection shall speak with Counsel for Plaintiff and Defendant within seven (7) days

9

of filing his or her objection in a good faith effort to resolve the objection and address the issues presented by the objection. If the objection is unable to be resolved, or if an objector refuses to confer with Counsel, the objector shall be subject to the Court's discovery procedures. Upon a showing of good cause and with leave of Court, the Parties shall have the right to take discovery (including written discovery and depositions) from any Settlement Class Member that objects to the Settlement on an expedited basis.

24.    Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Final Approval Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

25.    Any objecting Settlement Class Member who intends to appear at the Final Approval Hearing, either with or without counsel, must also file a notice of intention to appear with the Court, postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to Class Counsel and Counsel for Defendant, as set forth above.

   a.    The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the facsimile number(s) where he/she received a facsimile advertisement from Defendant; (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with

    the Final Approval Hearing; and (e) identify any witnesses that the Settlement Class Member intends to call;

b.   If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must identify any attorney representing the objector who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's own expense;

c.   If the objecting Settlement Class Member intends to present any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing, the objecting Class Member must provide copies of all such evidence to Class Counsel and Counsel for Defendant with his or her Notice of Intention to Appear; and

d.   The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth herein and in the Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

11

26.     Except for those Settlement Class Members who timely and properly file a request for exclusion, all Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

27.     The Court preliminarily enjoins all Settlement Class Members, unless and until they have timely excluded themselves from the Settlement Class, from (a) filing, commencing, prosecuting, continuing to prosecute,  intervening in, or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant, any other Released Party and Class Counsel as a result of the violation.  This Order does not prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency.

## VII.    FINAL APPROVAL HEARING

28.     A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Final Approval Hearing") shall be conducted in The Wilkie D. Ferguson, Jr. United States Courthouse, United States District Court for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, Room 11-3, commencing on _____, 2022 at _____ [120 days after entry of the Preliminary Approval Order].

29.     The Court may reschedule the Final Approval Hearing without further mailed notice. If the Final Approval Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Final Approval Hearing will be posted on the Court's docket and shall be posted to the Settlement Website.

30.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than twenty-one (21) days after the Objection Deadline.

31.     An application of Class Counsel for an award of fees and expenses and the Class Representative's potential Service Award shall be filed with the Court no later than fourteen (14) days prior to the Objection Deadline.

32.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Final Approval Hearing, except such actions as may be necessary to implement the Agreement and this Order.

33.     Defendant or the Claims Administrator shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Final Approval Hearing.

## VIII.   OTHER PROVISIONS

34.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

35.     The Parties are authorized to amend terms and provisions of the Agreement to correct any technical errors without further Court order, so long as such changes are consistent with this Order and do not limit or alter the rights of the Settlement Class. Any amendments shall be promptly posted to the Settlement Website.

DONE and ORDERED at Miami, Florida, this _____ day of _____, 2021

_____
CHRIS M. MCALILEY
U.S. MAGISTRATE JUDGE


Copies furnished to: Counsel of Record

14

# EXHIBIT F

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:20-cv-24279-KMW**

PET PARADE, INC., on behalf of itself and
all others similarly situated,

   Plaintiff,

vs.

STOKES HEALTHCARE, INC., a foreign
company, doing business as EPICUR PHARMA,

   Defendant.

_____/

**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

   On _____, 2021, this Court granted preliminary approval to the proposed class action

settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement")

between Plaintiff Pet Parade, Inc. ("Plaintiff"), on behalf of itself and all members of the

Settlement Class,[1] and Defendant Stokes Healthcare, Inc. ("Defendant") (collectively, the

"Parties").[2]  The Court also provisionally certified the Settlement Class for settlement purposes,

approved the procedure for giving Class Notice to the Settlement Class Members, and set a Final

Approval Hearing to take place on _____, 2022.

   On _____, 2021 the Court held a duly noticed Final Approval Hearing to consider:

(1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

[2] Stokes Healthcare, Inc. is referenced as the Defendant for purposes of the Settlement Agreement and Release of legal claims.  For purposes of the Settlement Class definition, Stokes Healthcare Inc. is identified as Epicur Pharma, the entity which sent the fax communications that are the subject of the Settlement Class claims.

adequate; (2) whether a judgment should be entered dismissing Plaintiff's Complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

## I.      JURISDICTION OF THE COURT

1.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment.

2.      The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Litigation" or the "Action") and of the strengths and weaknesses of their respective positions.  The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class.  Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is

impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.    CERTIFICATION OF SETTLEMENT CLASS

4.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement: All persons identified on Epicur's Master Fax List who (1) during the four-year period prior to the filing of this action through the date of preliminary approval, (2) were sent a telephone facsimile message advertising the commercial availability or quality of any property, goods, or services by or on behalf of Epicur, (3) that did not display an opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, would be unlawful. Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members."

Notwithstanding the foregoing, this class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Defendant or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, and the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to any of them; and (C) all persons

3

who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Settlement Agreement. The following persons timely submitted requests to exclude themselves and shall be excluded from the Settlement Class: [*See* Exhibit A to this Order].

## III.   APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.     The Court finally appoints attorneys Seth Lehrman of Edwards Pottinger, LLC and Joshua Eggnatz and Michael Pascucci of Eggnatz Pascucci, P.A. as Class Counsel for the Settlement Class.  The Court finds that Class Counsel has adequately and diligently represented the Class throughout this litigation and that their advocacy has resulted in the substantial benefits available to the Settlement Class.

6.     The Court finally designates Plaintiff Pet Parade, Inc. as the Class Representative.

## IV.   NOTICE AND CLAIMS PROCESS

7.     The Court makes the following findings on notice to the Settlement Class:

(a)     The Court finds that the distribution of the Class Notice, including the Mail Notice and Long Form Notice, as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) reached a high percentage of the Settlement Class and was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

## V.  FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.     The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate.  The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.  Full opportunity has been given to the Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and for payments to the Class Representatives, and otherwise participate in the Final Approval Hearing.

## VI.  ADMINISTRATION OF THE SETTLEMENT

9.     The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.  The Settlement Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.    The Court hereby approves Class Counsel's request for attorney fees in the amount of $_____, plus costs in the amount of $_____. The Court finds that the Settlement Agreement reached here is not a fee-shifting one, and that requested fees of _____% of the Settlement Fund are reasonable under the percentage-of-the fund and benefit approach.

11.    The Settlement Administrator shall pay Class Counsel the total amount of $_____ as reasonable attorneys' fees, inclusive of the award of reasonable costs incurred in this Action.  The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

12.    [The Court finds that no objections were submitted by any Settlement Class Member] *Alternatively*, [The Court finds that the objection[s] submitted by Settlement Class Member[s] _____are overruled because_____].

13.     [The Court awards a Service Award in the amount of $_____.00 to Plaintiff Pet Parade, Inc. payable pursuant to the terms of the Settlement Agreement.] *Alternatively*, [The Court does not approve the Class Representative's request for a Service Award, but the Court retains "jurisdiction for the limited purpose of revisiting the denial of the Service Award request if the Eleventh Circuit holds a rehearing *en banc* in *Johnson v. NPAS Sols., LLC* and reverses its decision." *See Metzler, et al. v. Medical Management International, Inc., et al*., 2020 WL 5994537 (M.D. Fla. October 9, 2020) (reserving jurisdiction to award service awards if *NPAS* is reversed)

## VII.    RELEASE OF CLAIMS

14.     Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15.     Furthermore, all Settlement Class Members who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or Released Claims or that could have been brought in the Action.

16.     The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect

6

in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17.     The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Settlement Class Members (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a)     The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submitted a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of the Settlement Agreement.

(b)     The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases.  The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted-out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.  The Releases set forth herein and in the Settlement Agreement do not include the release of any rights

or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18.     Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly:  (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII.   NO ADMISSION OF LIABILITY

19.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

        (b)     offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

        (c)     offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.    OTHER PROVISIONS

20.    This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.    Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22.    In the event that the Effective Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.  In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

23.     This Litigation, including all individual claims and class claims presented herein,

is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class

Members, without fees or costs to any party except as otherwise provided herein.

**DONE** and **ORDERED** at Miami, Florida, this _____ day of _____, 2022

_____

KATHLEEN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

Copies furnished to: Counsel of Record

# EXHIBIT
# 1