UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-24279-WILLIAMS/MCALILEY

PET PARADE, INC., on behalf of itself and
all others similarly situated,

    Plaintiff,

vs.

STOKES HEALTHCARE, INC., a foreign
company, doing business as EPICUR PHARMA,

    Defendant.
_____/

**PRELIMINARY APPROVAL ORDER**

Pending before the Court is Plaintiff's Renewed Unopposed Motion for Preliminary Approval of Class Settlement (the "Motion"). (ECF No. 46). The Court held two hearings on the Motion, and the parties filed revised exhibits and supplemental legal authority in support of the Motion. (ECF Nos. 50-53, 56-59, 61). Having carefully considered the Motion, argument of counsel, the parties' supplemental submissions, and the applicable facts and law, the Court hereby finds and orders as follows:

**I.    PRELIMINARY APPROVAL OF SETTLEMENT**

1.    As used in this Preliminary Approval Order, unless otherwise noted, all capitalized terms shall have the definitions and/or meanings given them in the Parties' Settlement Agreement (the "Agreement"). To the extent there is a conflict between the definitions and/or meanings of terms in the Agreement and this Preliminary Approval Order, the definitions and/or meanings of terms as used in this Preliminary Approval Order shall control.

2. The Court has jurisdiction over the subject matter and the Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

4. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Moreover, "administrative feasibility is not a requirement for certification under Rule 23." *Cherry et al. v. Dometic Corp.*, 986 F.3d 1296, 1304(11th Cir. Feb. 2, 2021)

## II. THE CLASS, REPRESENTATIVE, AND CLASS COUNSEL

5. The Court finds, for settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore preliminarily certifies the following class:

> All persons identified on Epicur's Master Fax List who (1) during the four-year period prior to the filing of this action through the date of preliminary approval, (2) were sent a telephone facsimile message advertising the commercial availability or quality of any property, goods, or services by or on behalf of Epicur, (3) that did not display an opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, would be unlawful.

This class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Stokes Healthcare, Inc. ("Defendant" or "Epicur") or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, and the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Agreement.

6. The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. The Parties reserve and retain all of their rights in the event the Settlement does not become Final for any reason.

7. For settlement purposes only, the Court preliminarily appoints Plaintiff Pet Parade, Inc. as Class Representative.

8. For settlement purposes only, the Court appoints the following persons and firms as Class Counsel for the Settlement Class:

> Seth M. Lehrman, Esq.
> EDWARDS POTTINGER, LLC
> 425 North Andrews Avenue, Suite 2
> Fort Lauderdale, FL 33301
>
> Joshua H. Eggnatz, Esq.
> Michael J. Pascucci, Esq.
> EGGNATZ | PASCUCCI
> 7450 Griffin Road, Suite 230
> Davie, FL 33314

9. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties'

good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Manual for Complex Litigation, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

10. The Court preliminarily approves the Settlement, together with all revised exhibits thereto, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the revised exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

### III.   NOTICE TO CLASS MEMBERS

11. Upon entry of this Order, the Court approves Angeion Group at the designated Settlement Administrator.

12. The Settlement Class Notice program shall be effectuated as follows:

   a. Within ten (10) days of the entry of this Order, the Parties shall provide to the Settlement Administrator the Settlement Class List in electronic format with sufficient records identifying the 11,205 individuals and entities identified on

    Epicur's Master Fax List, including the address, telephone number, facsimile number, and the e-mail address for each Settlement Class Member, if such information is available to Epicur in its business records. The Settlement Administrator shall use all relevant contact information to determine the mailing addresses for the Settlement Class Members, including reverse look-up and other customary practices. If a mailing address can be secured, direct notice by mail shall be dispatched. If a mailing address is unable to be secured, direct notice shall be sent by facsimile.

  b. No later than forty-two (42) Days after the entry of this Order, the Settlement Administrator will mail (and e-mail and fax where applicable) the revised Mail Notice, attached hereto as Exhibit A, to all such members of the Settlement Class whose addresses were derived as part of the process described in the Paragraph above and in accordance with the Agreement.

  c. The Settlement Administrator will maintain the Settlement Website, which shall provide access to, among other things, the revised Long Form Notice (attached hereto as Exhibit B), in accordance with the Agreement.

  d. The Settlement Administrator will file proof of compliance with the Settlement Class Notice program at or before the Final Approval Hearing.

13. The form and content of the revised Mail Notice and revised Long Form Notice, attached hereto as Exhibits A and B, is fair, reasonable, and adequate, and shall be disseminated to the Settlement Class in accordance with the Agreement.

14. The Court finds that the Settlement Class Notice program is reasonably calculated, and the best practicable under the circumstances, to apprise the Settlement Class: (a) of the

pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for an Attorneys' Fee Award and a potential Service Award; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for an Attorneys' Fee Award and/or a potential Service Award and, if he or she desires, enter an appearance personally or through counsel; (g) of the time and place of the Final Approval Hearing; and (h) prominently displays the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries. The Court further finds that the Class Notice is written in plain English and is readily understandable by members of the Settlement Class. Therefore, the Court approves the Class Notice program and the form and content of the Notices attached hereto.

15.     No later than ten (10) days before the Final Approval Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program; and (b) number of valid claims, opt-outs, and objections.

**IV.    CLAIM FORM**

16.     The Court adopts and approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement.  Any member of the Settlement Class who wishes to receive benefits under the Agreement must sign and return (or submit online) a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked or submitted online no later than 45 days after dissemination of the Mail Notice.  Any Settlement Class Member who does not submit a complete and timely Claim Form

in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

## V.     EXCLUSION REQUESTS

17.     Any member of the Settlement Class who wishes to opt-out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion to the Settlement Administrator at the address on the Class Notice and to be postmarked or submitted online no later than 45 days after dissemination of the Mail Notice. (the "Opt-Out and Objection Deadline").

18.     The opt-out request must be personally signed by the Settlement Class Member requesting exclusion and contain the following information:

a)     Identify the case name;

b)     The name, address, telephone number of the Settlement Class Member opting out;

c)     Identify the facsimile number(s) where the Settlement Class Member received a facsimile advertisement from Defendant;

d)     Be personally signed by the Settlement Class Member, and class or group requests for exclusion shall be prohibited; and

e)     Contain a statement that indicates a desire to be excluded from the Settlement Class.

An exclusion request form with the above fields shall be made available on the Settlement Website. A timely and valid request to opt-out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all Settlement Class Members who properly and timely submit an opt-out request (the "Opt-Out List").

19. Any Settlement Class Member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

### VI.  OBJECTIONS

20. Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or the proposed Settlement or who wishes to object to the Attorneys' Fee Award or potential Service Award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

   a) The name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel with counsel's contact information;

   b) The case name and number;

   c) A signed declaration stating that he or she is a member of the Settlement Class and that he or she received one or more facsimile advertisements by or on behalf of Defendant, along with his or her facsimile number(s) that received facsimile advertisements from Defendant;

   d) A statement of all objections to the Settlement with the specific factual and legal basis for each objection; and

    e)    A list of any other objections to any other proposed class action settlements filed in any court for the past five (5) years;

    f)    If he or she is represented by counsel, a list of objections filed to any other proposed class action settlements by that counsel in any court for the past (5) years;

    g)    Any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and

    h)    Any objection must be personally signed by the Settlement Class Member. Class or group objections shall be prohibited.

21.    Any member of the Settlement Class who fails to file and serve a timely written objection pursuant to this Preliminary Approval Order and as detailed in the revised Mail Notice and revised Long Form Notice shall not be permitted to object to the approval of the Settlement or the Agreement at the Final Approval Hearing and may be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

22.    Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Deadline, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

    Clerk of Court
    Wilkie D. Ferguson, Jr. U.S. Courthouse
    400 North Miami Avenue
    Miami, Florida 33128

    Attention: "Pet Parade, Inc. v. Stokes Healthcare, Inc., Case No. 1:20-cv-24279-Williams/McAliley

A copy of the objection, postmarked no later than the Opt-Out and Objection Deadline, must also be mailed to Class Counsel and Counsel for Defendant at their designated addresses.

23. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with, or mailed to, the Clerk of Court and timely mailed to Counsel, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any person who files an objection shall speak with Counsel for Plaintiff and Defendant within seven (7) days of filing his or her objection in a good faith effort to resolve the objection and address the issues presented by the objection. Upon a showing of good cause and with leave of Court, the Parties shall have the right to take discovery (including written discovery and depositions) from any Settlement Class Member that objects to the Settlement on an expedited basis.

24. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Final Approval Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

25. Any objecting Settlement Class Member who intends to appear at the Final Approval Hearing, either with or without counsel, must also file a notice of intention to appear with the Court, postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to Class Counsel and Counsel for Defendant, as set forth above.

    a. The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the

       facsimile number(s) where he/she received a facsimile advertisement from Defendant; (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court at the Final Approval Hearing; and (e) identify any witnesses that the Settlement Class Member intends to call;

b.    If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must identify any attorney representing the objector who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's own expense;

c.    If the objecting Settlement Class Member intends to present any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing, the objecting Class Member must provide copies of all such evidence to Class Counsel and Counsel for Defendant with his or her Notice of Intention to Appear; and

d.    The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth herein and in the Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

26. Except for those Settlement Class Members who timely and properly file a request for exclusion, all Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

27. The Court preliminarily enjoins all Settlement Class Members, unless and until they have timely excluded themselves from the Settlement Class, from (a) filing, commencing, prosecuting, continuing to prosecute, intervening in, or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant, any other Released Party and Class Counsel as a result of

the violation. This Order does not prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency.

## VII.    FINAL APPROVAL HEARING

28. A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Final Approval Hearing") shall be conducted in The Wilkie D. Ferguson, Jr. United States Courthouse, United States District Court for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, Room 11-3, commencing on **February 16, 2022 at 11:00 a.m.**

29. The Court may reschedule the Final Approval Hearing without further mailed notice. If the Final Approval Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Final Approval Hearing will be posted on the Court's docket and shall be posted to the Settlement Website.

30. Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than twenty-one (21) days after the Objection Deadline.

31. An application of Class Counsel for an award of fees and expenses and the Class Representative's potential Service Award shall be filed with the Court no later than fourteen (14) days prior to the Objection Deadline.

32. All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Final Approval Hearing, except such actions as may be necessary to implement the Agreement and this Order.

33. Defendant or the Claims Administrator shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Final Approval Hearing.

## VIII. OTHER PROVISIONS

34. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

35. The Parties are authorized to amend terms and provisions of the Agreement to correct any technical errors without further Court order, so long as such changes are consistent with this Order and do not limit or alter the rights of the Settlement Class. Any amendments shall be promptly posted to the Settlement Website.

DONE and ORDERED at Miami, Florida, this 18th day of October, 2021

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
 Counsel of Record