UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:20-cv-24279-KMW

PET PARADE, INC., on behalf of itself and
all others similarly situated,

  Plaintiff,

vs.

STOKES HEALTHCARE, INC., a foreign
company, doing business as EPICUR PHARMA,

  Defendant.
_____/

**ORDER GRANTING FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

On October 18, 2021, this Court granted preliminary approval of the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiff Pet Parade, Inc. ("Plaintiff"), on behalf of itself and all members of the Settlement Class,[1] and Defendant Stokes Healthcare, Inc. ("Defendant") (collectively, the "Parties") [DE 66].[2] The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the Settlement Class Members, and set a Final Approval Hearing to take place on February 15, 2022.

---

1. Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.
2. Stokes Healthcare, Inc. is referenced as the Defendant for purposes of the Settlement Agreement and Release of legal claims. For purposes of the Settlement Class definition, Stokes Healthcare Inc. is identified as Epicur Pharma, the entity which sent the fax communications that are the subject of the Settlement Class claims.

On February 15, 2022 the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing Plaintiff's Complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

**I.      JURISDICTION OF THE COURT**

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Litigation" or the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the

Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

    3.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.    CERTIFICATION OF SETTLEMENT CLASS

    4.      Pursuant to Fed. R. Civ. P. 23, this Court certifies the Settlement Class, as identified in the Settlement Agreement: All persons identified on Epicur's Master Fax List who (1) during the four-year period prior to the filing of this action through the date of preliminary approval, (2) were sent a telephone facsimile message advertising the commercial availability or quality of any property, goods, or services by or on behalf of Epicur, (3) that did not display an opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply,

within 30 days, would be unlawful. Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members."

Notwithstanding the foregoing, this class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Defendant or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, and the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to any of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Settlement Agreement. The following persons timely submitted requests to exclude themselves and shall be excluded from the Settlement Class: [*See* Exhibit A to this Order].

### III.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.    The Court appoints attorneys Seth Lehrman of Edwards Pottinger, LLC and Joshua Eggnatz and Michael Pascucci of Eggnatz Pascucci, P.A. as Class Counsel for the Settlement Class.  The Court finds that Class Counsel has adequately and diligently represented the Class throughout this litigation and that their advocacy has resulted in the substantial benefits available to the Settlement Class.

6.    The Court designates Plaintiff Pet Parade, Inc. as the Class Representative.

### IV.    NOTICE AND CLAIMS PROCESS

7.    The Court makes the following findings on notice to the Settlement Class:

(a)    The Court finds that the distribution of the Class Notice, including the Mail Notice and Long Form Notice, as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted the best practicable notice under the

circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) reached a high percentage of the Settlement Class and was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

**V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

8.     The Settlement Agreement is approved in all respects as fair, reasonable and adequate.  The terms and provisions of the Settlement Agreement, including all revised Exhibits thereto [DE 61-1 – 61-6], have been entered into in good faith and are approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.  Full opportunity has been given to the Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and for payments to the Class Representatives, and otherwise participate in the Final Approval Hearing. Factors supporting the grant of final approval to this settlement include:

   a. The litigation was contested, and the settlement was the product of arms' length negotiations among experienced counsel, with no evidence of collusion;

  b. If the litigation advanced, it would be expensive and time-consuming;

  c. The reaction of the class was overwhelmingly positive. There were no objections;

  d. The parties have exchanged sufficient information to assess the strengths and weaknesses of their claims and defenses;

  e. Plaintiff faces risk in established liability, maintaining certification of a litigation class and establishing damages; and

  f. The amount of the settlement is reasonable given the strengths and weaknesses of the case.

**VI. ADMINISTRATION OF THE SETTLEMENT**

  9. The Parties are directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

  10. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. The Court approves Class Counsel's request for attorney fees in the amount of $495,000.00, plus costs in the amount of $6,696.58. The Court finds that requested fees of 30% of the Settlement Fund are reasonable under the percentage-of-the-fund and benefit approach. The expenses incurred by Class Counsel were advanced with no guarantee of recovery and were required to prosecute the case. Factors supporting the grant of fees include, but are not limited to:

      a. The time and labor expended by Class Counsel on behalf of the Class;

      b. The magnitude, complexity and risks of the litigation;

      c. The results achieved in this settlement including both monetary and programmatic relief;

      d. The quality of the representation;

      e. The contingent nature of the fee;

      f. The reasonableness of the request fee under the percentage method; and

      g. The value of the litigation to the public.

11. The Settlement Administrator shall pay Class Counsel the total amount of $501,696.58 for reasonable attorneys' fees and costs incurred in this Action. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

12. The Court finds that no objections were submitted by any Settlement Class Member. Regardless, based on the Court's own review of the Settlement Agreement and the implementation of the Notice Plan, the Court finds there are no deficiencies with the settlement.

13. Plaintiff served as adequate class representative and performed work on behalf of the absent class members. However, in light of the Eleventh Circuit's decision in *Johnson v. NPAS Sols., LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. Sept. 17, 2020), the Court defers ruling on the issue of the $5,000 Service Award to the class representative and retains jurisdiction for the limited purpose of revisiting the Service Award request if the Eleventh Circuit holds a rehearing *en banc* in *Johnson* and reverses its decision, or another Eleventh Circuit decision overrules *Johnson*. *See Metzler, et al.*

*v. Medical Management International, Inc., et al.*, 2020 WL 5994537 (M.D. Fla. October 9, 2020) (reserving jurisdiction to award service awards if *NPAS* is reversed). Defendant is directed to deposit $5,000 into the registry of the Court, pending the Court's determination of the Service Award issue. The parties are also directed to notify the Court no later than fourteen (14) days after a decision is issued in *Johnson*. In the event the Eleventh Circuit denies the petition for rehearing *en banc* in *Johnson*, the $5,000 shall be returned to Defendant. In the event the Eleventh Circuit grants the petition for rehearing *en banc* in *Johnson*, the Court will decide Plaintiffs' request for a service award at that time.

**VII.   RELEASE OF CLAIMS**

14.   Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order and Judgment, have fully and forever released, relinquished, and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15.   Furthermore, all Settlement Class Members who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from

the Action or Released Claims or that could have been brought in the Action.

16. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Releases, which are set forth in Section V of the Settlement Agreement, are expressly incorporated here in all respects and are effective as of the date of this Final Order and Judgment; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Settlement Class Members (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submitted a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of the Settlement Agreement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or

appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted-out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth here and in the Settlement Agreement do not include the release of any rights or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained in it.

18. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

**VIII.   NO ADMISSION OF LIABILITY**

19.   Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to in it, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a)   offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b)   offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c)   offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

**IX.   OTHER PROVISIONS**

20.   This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as

that term is defined and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

23. This Litigation, including all individual claims and class claims presented herein, is dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>8th</u> day of March, 2022.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record